No. 16,223.

HOFFER v. HOFFER.
(207 P. [2d] 1203)

Decided May 31, 1949.   Rehearing denied June 20, 1949.

Mr. ANTHONY J. PASQUALE, for plaintiff in error.

Mr. LEO J. CROWLEY, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE HILLIARD delivered the opinion of the court.

IN a divorce action an interlocutory decree in favor of plaintiff wife, defendant in error here, was entered July 23, 1948. January 6, 1949, the defendant, now plaintiff in error, filed a motion to vacate the interlocutory decree, stating: "That since the entry of the interlocutory decree the parties hereto have resumed relationship of husband and wife."

January 24, 1949, the motion mentioned came on for hearing, and evidence was introduced. Defendant testified that on July 24 and 25, following the date of the entry of the interlocutory decree, there were marital

relations between the parties. Plaintiff testified in categorical denial thereof.

Evidently, although there were no specific findings of fact in relation thereto, the court, after the hearing on the motion, must have decided adversely to defendant, for at the conclusion of the evidence there was a formal order of denial; thereupon, moved thereto by counsel for plaintiff, the court signed a final decree.

Defendant complains on this review, "that the judgment is against the law and the evidence." It is important to note that on the merits of the case proper, although represented by counsel, defendant was not present, nor was evidence offered in his behalf. If, therefore, as is apparent, defendant directs his challenge to the evidence received on his motion to vacate the interlocutory decree, and that the trial court incorrectly determined in relation thereto, it is sufficient to say that we are not of that view.

██ That the judgment is against the law finds basis in the contention advanced by defendant, that, by following its adverse ruling on defendant's motion to vacate the interlocutory decree, the court erred in signing a final decree. We cannot think the point has merit, since at the time the court signed the final decree, more than six months had elapsed, and by virtue of the statute, '35 C.S.A., chapter 56, section 17, the interlocutory decree already had "become a final decree." "Mere lapse of time," as we have said, "transmutes an interlocutory decree into an absolute or final decree without any further action of the court." *Morris v. Probst,* 98 Colo. 213, 55 P. (2d) 944. Hence, the "final decree" of which defendant complains, was but the formal announcement of a status already judicially obtaining, and for the purposes here properly may be disregarded. We do not perceive error.

Let the judgment be affirmed.

MR. JUSTICE JACKSON and MR. JUSTICE HOLLAND concur.